Maximilian Moss, S.
This is a proceeding to establish a lost will pursuant to the provisions of section 143 of the Surrogate’s Court Act. The decedent died February 11, 1958. The court is satisfied on the testimony of the subscribing witnesses that on February 4, 1958 decedent duly executed a will in accordance with the provisions of section 21 of the Decedent Estate Law; that at the time of execution he was fully competent to execute a will and under no restraint.
No copy of the will was produced but the testimony of the subscribing witnesses satisfactorily established its contents. They testified that the will was on a printed form folded at the top to make four pages; that the testamentary dispositions and the nomination of the executrix and alternate executor were typed on the first page, the second or reverse side of the first page was blank and on the third page was the testimonium clause followed by the signature of the decedent. There was an attestation clause after decedent’s signature below which the subscribing witnesses had placed their signatures and addresses, J. Patricia McGee, 500 Eastern Parkway, Brooklyn, N. Y., and Gertrude Weider, 1289 Union Street, Brooklyn, N. Y. They further testified that by the will decedent directed payment of his debts and gave the rest of his property and possessions to Diane Mitchell; that if she did not survive him decedent left all his property to George Mitchell and Virginia Mitchell, son and daughter of said Diane Mitchell. The will nominated Diane Mitchell as executrix; in the event of her death, George Mitchell was to serve as executor and decedent directed that neither of them should be required to file a bond.
There was a further provision in the will in the nature of a request that a fence be erected around or on the side of the property wherein Diane Mitchell then resided.
The witness, J. Patricia McGee, testified that on the day before decedent’s funeral she was at the home of Diane Mitchell, who showed her a bundle of papers which she said were all of the decedent’s personal papers “ and everything”. Among the papers was the instrument which the witness identified as the will which decedent had signed and to which she and Gertrude Weider had acted as witnesses. She recognized" decedent’s signature thereon, her own signature and that of the other subscribing witnesses. Both witnesses testified that never before had they acted as witnesses to a will.
There was further testimony by the son and daughter oí Diane Mitchell that they had seen the will at their mother’s home after decedent’s death and that thereafter they were unable to find it after search by them and their mother.
*410 The court finds that the will was in existence at the time of decedent’s death, that it was thereafter lost and that its provisions have been clearly and distinctly proven by two credible witnesses who were the subscribing witnesses. The objections filed by decedent’s brother are dismissed and the will will be admitted to probate. Settle decree on notice incorporating the provisions of the will as herein set forth.
(Supplemental opinion)
Supplementing the decision of the court, dated February 1, 1960, the testimony further established that the decedent’s will contained a statement that he was leaving nothing to his relatives in Norway because he had not seen them in 40 years and did not know whether they were living or dead. The decree should incorporate the statement as part of decedent’s will as probated.